Peck, J.
delivered the opinion of the court.
The question to be considered is, whether this is a personal covenant made to the purchaser, Trice, by Bradford and Jordan. They do not set up this as a defence in their plea to the action, but rely upon having kept their covenant with the plaintiff. Still, if upon the face of the covenant set out in the declaration, they have not bound themselves personally, advantage may be taken of the defect after verdict. But we are of opinion that this covenant is personal. The covenant does not show the nature of the trust, if it existed. For anything that is made to appear in the record, the words, “trustees of Winifred H. Wilson,” may be taken as descriptive of the persons covenanting. If they intended not to be bound themselves, personally, care should have been taken to have expressed on the face of the paper the nature and extent of the covenant. Trice must have considered himself as taking a covenant for the soundness of the negroes, and to him no person is bound but the defendants Bradford and Jordan. How far they may haye the means of indemnity out of the estate of Wini *481 fred H. Wilson, is a question with which we have nothing to do. In the case of Sumner’s administrator vs. Williams and others, where great care had been taken to frame the covenants so as to show that the covenantor was acting in the character of administrator, still he was held liable on some of the covenants. These covenan-tors undertook, at the time of making the covenant, that the negro was then sound. It was a fact, we are to suppose, within their knowledge, and with which, as far as we can see, no other person had part. Being therefore their own act, a subject in which they could lawfully bind themselves, and the words binding none other, must be taken as being binding on the covenantors. 8 Mass. Rep. 162, Sumner’s administrator vs. Williams: 5 East, 148.
Judgment affirmed.